DEFENDANT'S EXHIBIT 3

FILED IN OPEN COURT
ON 8-27-2024 BG
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-250-M-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| ISAIAH ANDERSON HARRISON ) | |

The Grand Jury charges that:

### COUNT ONE

1. Beginning on a date unknown, but from at least on or about June 2024, and continuing through on or about August 1, 2024, in the Eastern District of North Carolina and elsewhere, the Defendant, ISAIAH ANDERSON HARRISON, did combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown to the Grand Jury, to commit certain offenses, namely:

   a. to knowingly receive, deliver, retain, and conceal Treasury checks, having a value of more than $1,000, with the knowledge that such Treasury checks were stolen and bore a falsely made and forged endorsement and signature, in violation of Title 18, United States Code, Section 510(b); and

   b. to steal, purloin, and knowingly convert to their own use and the use of another money and property belonging to the United States and an

agency thereof, having a value of more than $1,000, in violation of Title 18, United States Code, Section 641.

## Manner and Means of the Conspiracy

The manner and means used to effect and accomplish the object of the conspiracy included, but was not limited to, the following:

2. At all times relevant, the United States Department of the Treasury issued payments to beneficiaries in the form of checks on behalf of various departments, agencies, and bureaus of the federal government, including, but not limited to the Internal Revenue Service.

3. HARRISON, and others known and unknown to the Grand Jury, obtained stolen U.S. Treasury checks from various sources.

4. After obtaining the stolen U.S. Treasury checks, HARRISON negotiated and attempted to negotiate the stolen checks at a business establishment in the Eastern District of North Carolina.

5. During the course of the conspiracy, HARRISON obtained and negotiated or attempted to negotiate at least four U.S. Treasury checks worth over $530,000.

## Overt Acts

In furtherance of the conspiracy, and to achieve the unlawful objects thereof, the following overt acts, among others, were committed in the Eastern District of North Carolina and elsewhere:

6. On or about June 24, 2024, HARRISON and co-conspirators contacted

a check cashing business in Raleigh, North Carolina to inquire about cashing U.S. Treasury checks. HARRISON and his co-conspirators offered an employee of the check cashing business a higher percentage fee in exchange for cashing the U.S. Treasury checks without the required documentation.

7. On or about July 30, 2024, HARRISON negotiated and attempted to negotiate four U.S. Treasury checks at the check cashing business in Raleigh.

8. The U.S. Treasury checks presented by HARRISON on July 30, 2024, were not issued to HARRISON, and are set forth in the below table:

| Check Number | Check Issued Date | Check Amount | Check Paid to the Order of: |
|---|---|---|---|
| 4045-50052164 | 5/21/2024 | $ 529,652.88 | HR. A.C. LLC |
| 4045-51667793 | 6/28/2024 | $ 1,634.57 | A.B & S.A. |
| 4045-51740688 | 6/28/2024 | $ 1,313.82 | K.D. |
| 4045-51634730 | 6/26/2024 | $ 1,216.64 | A.L. |

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

9. The allegations contained in Paragraphs 1 through 8 are realleged and incorporated as though fully set forth here.

10. On or about July 30, 2024, in the Eastern District of North Carolina and elsewhere, the Defendant, ISAIAH ANDERSON HARRISON, aided and abetted by others known and unknown to the Grand Jury, did steal, purloin, and knowing convert to his own use and the use of another, money and property of the

United States of America, having a value of more than $1,000, that is, the U.S. Treasury checks identified below:

| Check Number | Check Issued Date | Check Amount | Check Paid to the Order of: |
|---|---|---|---|
| 4045-51667793 | 6/28/2024 | $ 1,634.57 | A.B & S.A. |
| 4045-51740688 | 6/28/2024 | $ 1,313.82 | K.D. |
| 4045-51634730 | 6/26/2024 | $ 1,216.64 | A.L. |

All in violation of Title 18, United States Code, Sections 641 and 2.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, any offense codified in Chapter(s) 25, 27, and 40, or Section(s) 1028, 1029 and 1030 of Title 18 of the United States Code, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

Upon conviction of any of the offenses set forth in Counts One through Four, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and/or 982(a)(2)(A), the former as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

If any of the above-described forfeitable property, as a result of any act or

omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 27 Aug 24

MICHAEL F. EASLEY, JR.
United States Attorney

BY: KAREN K. HAUGHTON
Assistant United States Attorney