

DEFENDANT'S EXHIBIT 4

FILED IN OPEN COURT
ON 6/25/2025
Peter A. Moore, Jr., Clerk
US District Court
Eastern District

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-250

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| ISAIAH ANDERSON HARRISON | ) | |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, James Payne, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum and plea agreement supplement[1] constitute the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To plead guilty to Count Two of the Indictment herein.

   b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately. If the Court imposes a schedule of payments, the schedule provides for the minimum payment due and the schedule does not prohibit or limit the methods by which the United States may enforce the judgment in full.

   c. To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty

---

[1] A plea agreement supplement is filed in every case, whether or not the Defendant has agreed to cooperate with the Government.

plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

**Appellate Waiver Acknowledgment.**

I, Defendant, have discussed this appellate waiver with my attorney, and I understand and knowingly agree to its limitations on my appellate and post-conviction rights.

_____
Defendant

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To forfeit and/or abandon all of the Defendant's right, title, and interest in all property seized in connection with the investigation and prosecution of the acts alleged, and/or for which the Defendant has been given notice of forfeiture, in this matter or in any other notice to the Defendant in any related forfeiture proceeding (hereinafter, the "Subject Property"). Specifically, the Defendant agrees as follows:

(1) To the forfeiture of the Subject Property by whatever process the Government chooses, whether administrative, judicial, or other lawful disposition as directed by the Court. The Defendant hereby waives, releases, and withdraws any claim that Defendant has previously made or could subsequently assert with respect to the Subject Property, including the right to seek remission or mitigation of forfeiture or otherwise to seek return of the property, and understands that the Government may use this agreement in any administrative or judicial proceeding respecting the Subject Property, whether criminal or civil, federal or state. In the event that any of the Subject Property is not forfeited, the Defendant consents to the vesting of title to the Subject Property in the United States Government pursuant to 41 C.F.R. § 128-48.102-1, and further consents to its destruction or

2

Case 5:24-cr-00250-M-RJ    Document 44    Filed 06/25/25    Page 2 of 8
Case 5:24-cr-00250-M-RJ    Document 61-4    Filed 01/02/26    Page 2 of 8

other disposition in accordance with law by the custodial law enforcement agency.

    (2) To take all steps necessary to facilitate and complete the forfeiture, abandonment, or other lawful disposition of the Subject Property and pass clear title to the United States, including signing any documents necessary to effectuate such transfer. The Defendant shall also not take any action that would frustrate or hinder the Government's ability to forfeit and obtain clear title to the Subject Property.

    (3) To waive any right the Defendant might otherwise have to receive notice or a hearing with respect to, or otherwise to contest, any proceeding now pending or hereafter instituted by the Government to carry out the forfeiture, abandonment or other lawful disposition of the Subject Property, including without limitation waiver of any applicable statutes of limitation or other noticing deadlines imposed by 18 U.S.C. § 983; and to hold the United States, its agents and employees, and any state or local law enforcement agencies and agents participating in the investigation and prosecution of this case, harmless from any claims whatsoever (including claims for attorney's fees, litigation costs, and damages of any kind) in connection with the seizure, forfeiture, abandonment, disposition and/or destruction of the Subject Property.

f.     To pay a special assessment of $100.00 pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC. If the assessment is not paid at sentencing, the Defendant agrees (1) that the assessment is due in full immediately, and (2) to participate in the Inmate Financial Responsibility Program while incarcerated.

g.     To complete and submit a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea, and, when requested, at least annually until any monetary penalty or forfeiture judgment has been satisfied. In addition, Defendant authorizes the Government to obtain credit reports and agrees to authorize the release of all financial information requested by the Government, including, but not
3

Case 5:24-cr-00250-M-RJ    Document 44    Filed 06/25/25    Page 3 of 8
Case 5:24-cr-00250-M-RJ    Document 61-4    Filed 01/02/26    Page 3 of 8

limited to, tax information, bank records, and social security information.

    h.    If applicable, to abide by any conditions of release pending sentencing and report timely for service of sentence. Further, to abide and be bound by the supervised release condition of warrantless searches and all conditions of supervision as adopted in the Eastern District of North Carolina in Standing Order 21-SO-5, regardless of whether these conditions are pronounced by the court at sentencing as long as they are included in the judgment.

3.    The Defendant understands, agrees, and admits:

    a.    That as to each Count of the Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

**Count Two**

    (1)    **Theft of Government Property, aiding and abetting**

    (2)    Code section violated: 18 U.S.C. § 641 and 2

    (3)    Elements: On or about July 30, 2024, in the Eastern District of North Carolina and elsewhere,

        First:    the Defendant, aiding and abetting others, knowingly stole, purloined, and converted to his own use, and to the use of another, certain U.S. Treasury checks with the intention of depriving the owner of the use of such money and property, as described in Count 2 of the Indictment;

        Second:    the U.S. Treasury checks described in Count 2 of the Indictment belonged to the United States;

        Third:    the value of the U.S. Treasury checks was more than $1,000.

    (4)    Maximum term of imprisonment:    10 years

    (5)    Minimum term of imprisonment:    N/A

4

Case 5:24-cr-00250-M-RJ    Document 44    Filed 06/25/25    Page 4 of 8
Case 5:24-cr-00250-M-RJ    Document 61-4    Filed 01/02/26    Page 4 of 8

(6) Maximum term of supervised release: 3 years

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years

(8) Maximum fine: $250,000 or twice the pecuniary gain or loss, whichever is greater

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: $100

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d. That, in determining a sentence, the Court must calculate the applicable Guideline range and consider that range, possible departures under the Guidelines, and other sentencing factors under 18 U.S.C. § 3553.

e. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

f. That pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty, and some offenses create a presumption of mandatory removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney and the Court, can predict with certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that Defendant wants to plead guilty, regardless of any immigration consequences that may result from this conviction, including the Defendant's automatic removal

5

Case 5:24-cr-00250-M-RJ   Document 44   Filed 06/25/25   Page 5 of 8
Case 5:24-cr-00250-M-RJ   Document 61-4   Filed 01/02/26   Page 5 of 8

from the United States, denial of citizenship, denial of admission to the United States in the future, denaturalization, and any other similar consequence.

g. That the Defendant has the following rights and understands that pleading guilty will be a waiver of these trial rights:

> (1) The right to plead not guilty and persist in that plea;
> (2) The right to a speedy and public jury trial;
> (3) The right to assistance of counsel, and if necessary to have the court appoint counsel;
> (4) The right to remain silent;
> (5) The right to testify;
> (6) The right to confront and cross-examine witnesses called by the government;
> (7) The right to present evidence and witnesses on my own behalf;
> (8) The right to compulsory process of the court;
> (9) The right to compel the attendance of witnesses.

h. That in court proceedings, including Defendant's Rule 11 plea hearing and sentencing, Defendant will be sworn under oath and could be prosecuted for perjury for any false statement given while under oath.

4. The United States Attorney for the Eastern District of North Carolina agrees:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at sentencing it will dismiss Count One of the Indictment.

b. That it reserves the right to make a sentence recommendation.

c. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

d. That, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

6

Case 5:24-cr-00250-M-RJ   Document 44   Filed 06/25/25   Page 6 of 8
Case 5:24-cr-00250-M-RJ   Document 61-4   Filed 01/02/26   Page 6 of 8

5.  The parties agree, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range. If Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors. The Defendant has no right to withdraw the plea if the Court does not accept the parties' positions as set forth below.

> a.  None of the factors listed in USSG §§5K2.0 through 5K2.14 are applicable to warrant any upward or downward departure from the advisory Guideline range.
>
> b.  The conduct described in Count One of the Indictment is relevant conduct, pursuant to USSG §1B1.3
>
> c.  An upward adjustment for the possession or use of another means of identification is not warranted under USSG §§2B1.1(b)(11).
>
> d.  An upward adjustment for an aggravating role in the offense is not warranted under USSG §3B1.1.
>
> e.  A downward adjustment of 2 levels for acceptance of responsibility is warranted under USSG §3E1.1, unless the offense level determined prior to the operation of USSG §3E1.1(a) is level 16 or greater, in which event a downward adjustment of 3 levels is warranted.

**[Remainder of page intentionally left blank]**

7

Case 5:24-cr-00250-M-RJ   Document 44   Filed 06/25/25   Page 7 of 8
Case 5:24-cr-00250-M-RJ   Document 61-4   Filed 01/02/26   Page 7 of 8

**Signature and Attestation of Defendant**

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all the possible consequences of my plea, I have decided to enter this plea of my own free will and am affirming that agreement on this date and by my signature below.

Date: 17 June 2025

ISAIAH ANDERSON HARRISON
Defendant

Date: 17 June 2025

W. JAMES PAYNE
Attorney for the Defendant

On behalf of the United States Attorney's Office for the Eastern District of North Carolina, I accept this agreement.

Date: 6/25/25

DANIEL P. BUBAR
Acting United States Attorney
BY: 
KAREN K. HAUGHTON
Assistant United States Attorney
Criminal Division

Approved this the 25th day of June, 2025.

RICHARD E. MYERS II
Chief United States District Judge

8